

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Earl L. Coleman
Assistant County Attorney
Denton, Texas

Dear Sir:

Opinion No. 0-994
Re: First, whether teacher's
contract with independent school
district is valid where, at the
school board meeting, all seven
trustees are present and three of
the members vote to employ the
teacher, two of the members vote
against such employment and the
remaining two members, although
present, do not vote; and second,
whether H.B. No. 205 by the 46th
Leg., being an Act amending Art.
1055, C.C.P., is constitutional;
and third whether the half-fees
provided in Art. 1055, C.C.P.,
should be paid by the county to the
officers and by the latter deposited
in the Officers' Salary Fund in a
county where the officers are com-
pensated on a salary basis.

We are in receipt of your letter of June 17, 1939, wherein
you request our opinion in response to three questions. You advise
us that the Argyle School District is a rural consolidated common
school district with seven trustees. That at a meeting called for
the purpose of electing teachers seven members were present. That
when a certain teacher came up for consideration, three of the
board members present voted in favor of the employment of such
teacher, two of the members present voted against such employment
and the remaining two members, although present, did not vote.
Your first question is whether under the circumstances the action
of three members upon the contract was sufficient. Your second
question is whether House Bill No. 205, enacted by the 46th Legis-
lature of Texas, which is an Act amending Article 1055, Code of
Criminal Procedure, is constitutional. Your third question requests

our opinion as to whether the half-fees provided to be paid by counties under certain circumstances as set forth in Article 1055, Code of Criminal Procedure, should be paid by the county to the officers out of the Road and Bridge Fund of the county and then deposited by such officers in the Officers' Salary Fund in a county where the officers are compensated upon a salary basis.

Article 2779, Revised Civil Statutes, speaking probably of boards of independent school districts only, provides that:

"A majority of said board shall constitute a quorum to do business."

Article 14, Revised Civil Statutes, provides that:

"The majority of any legally constituted board or commission, unless otherwise specially provided, shall constitute a quorum for the transaction of business."

Such is the general rule in the absence of statute. McQuillin on Municipal Corporations, 2nd Ed., Vol. 2, p. 440. It is thus apparent that in the case presented to us a sufficient number of the trustees to constitute a quorum voted one way or the other upon the teacher's contract. If the two members who did not vote had not been present, there can be no question but that the other five would have constituted a quorum for the transaction of business and that the affirmative vote of three out of the five present would have been sufficient to bind the school district in a contract with a teacher. Under such circumstances we do not believe that the action of a majority of those present and voting, and which also constituted a majority of what was necessary to constitute a quorum, could be defeated and nullified by the action of two members who appeared at the meeting but abstained from voting. There is some conflict of authority on this point but the majority view and the better reasoning it seems to us supports the conclusion which we have just expressed. Dillon on Municipal Corporations, 5th Ed. Vol. 2, p. 851; McQuillin on Municipal Corporations, 2nd Ed., Vol. 2, p. 440 to 443; Rushville Gas Co. v. City of Rushville, 121 Ind. 206, 6 L.R.A. 315, 23 N.E. 72; Launtz v. People, 113 Ill. 137; State v. Yates, 19 Mont. 239, 47 Pac. 1004; State v. City of McAllen, 91 S. W. (2d) 688 (dictum); notes to the case of Lawrence v. Ingersol, 6 L.R.A. 308. Under the facts submitted to us, our answer to your first question is that the affirmative vote of three of the five trustees voting was sufficient to enter into a contract employing a teacher.

Hon. Earl L. Coleman, Page 3

Addressing ourselves to your second question, we beg to advise that our opinion No. 0-23, being conference opinion No. 3032, addressed to C. Burtt Potter, County Attorney of San Patricio County, on January 11, 1939, holding that House Bill No. 727 of the Regular Session, Chapter 488 of the General and Special Laws of the 45th Legislature, being an amendatory act to Article 1055, Code of Criminal Procedure, 1925, was invalid, was based purely upon the fact that the caption of said bill did not conform to and was wholly insufficient to sustain the body of the act. The caption to House Bill No. 205 as passed by the 45th Legislature of Texas, reads as follows:

"An Act amending Article 1055 of the Code of Criminal Procedure of Texas; and declaring an emergency."

Such captions as this are uniformly held to be sufficient. Komack v. Gardner, 30 S. W. 589, 31 S. W. 358; Cernoch v. Colorado Co., 48 S. W. (2d) 470; Lowe v. Commissioners' Court, 69 S. W. (2d) 153; Katz vs. State, 54 S. W. (2d) 130; 39 Tex. Jur. 102. Our answer to your second question therefore is an affirmative one.

In our opinion No. 0-807, dated May 19, 1939, written by Hon. Ardell Williams to Mr. L. P. Beard, County Auditor, Belton, Texas, in response to the question as to what fees, commissions and costs county and precinct officers who are compensated on a salary basis are required to collect and pay to the Officers' Salary Fund, we expressed the view that the costs in civil cases by the State and all fees, commissions and costs collected from private parties who are required by law to pay such fees, commissions and costs when collected by county or precinct officers compensated on a salary basis must be deposited in the Officers' Salary Fund of such county. In accordance with that opinion, our answer to your third question is in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:N

APPROVED JUN 24, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN